IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO.,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Court No.: |
| ) | |
| NERON LOGISTICS LLC, EXPEDITE US 48 INC.,      ) | |
| AUGUSTA LOGISTICS, INC., JOHN JACKSON,      ) | |
| FRANZ ENNS, SARA ENNS,      ) | |
| MANITOBA PUBLIC INSURANCE, and      ) | |
| NEW YORK MARINE AND GENERAL      ) | |
| INSURANCE COMPANY,      ) | |
| ) | |
| Defendants.      ) | |

COMPLAINT FOR DECLARATORY JUDGMENT.

Plaintiff, Artisan and Truckers Casualty Co., by one of its attorneys, Thomas L. Buck, Magnani & Buck Ltd., sets forth below its complaint for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

1.    Artisan and Truckers Casualty Co. ("Artisan") files this action to seek a declaration that it owes no duty to defend or indemnify Neron Logistics LLC ("Neron") Expedite US 48 Inc. ("Expedite") Augusta Logistics, Inc. ("Augusta") and John Jackson ("Jackson") pursuant to a contract of insurance for a lawsuit brought by Franz Enns and Sara Enns and a lawsuit brought by Manitoba Public Insurance ("Manitoba").

2.      The Enns lawsuit and the Manitoba lawsuit concern a motor vehicle accident that took place on I-270 in Madison County, Illinois, on April 9, 2014. (A copy of the Enns second amended complaint is attached as exhibit A. A copy of the Manitoba complaint is attached as exhibit B.)

3.      The Enns lawsuit alleges that Jackson is liable for his negligent operation of a tractor and trailer, and Augusta, Expedite and Neron are vicariously liable as Jackson's alleged employer and/or principal. (Exhibit A.)

4.      Franz Enns seeks damages for bodily injury, and Sara Enns seeks damages for loss of consortium. (Exhibit A.)

5.      The Manitoba lawsuit is directed against Jackson and Augusta for negligent operation of the tractor and trailer, and was filed by Manitoba as a subrogee to collect payments for property damage to Franz Enns' tractor and trailer. (Exhibit B.)

6.      The Enns lawsuit and the Manitoba lawsuit were filed by Franz Enns, Sara Enns and Manitoba in the Third Judicial Circuit, Madison County, Illinois. (Exhibits A and B.)

7.      Plaintiff Artisan is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Ohio, and does business in Illinois and this district.

8.      Defendant Neron is a limited liability company organized under the laws of the State of Wyoming, is licensed to do business in the State of Illinois, does business in the State of Illinois and this district, and its sole member, Petar Strinski, is a citizen and resident of the State of Illinois.

9.     Defendant Expedite is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and does business in Illinois and this district.

10.     Defendant Augusta is a dissolved corporation which was organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and did business in Illinois and this district.

11.     Defendant Jackson is a citizen and resident of the State of Michigan, was doing business in the State of Illinois and this district at the time of the accident, and is alleged in the Enns lawsuit and the Manitoba lawsuit to have performed a tortious act within the State of Illinois and this district giving rise to this cause of action for declaratory judgment.

12.     Defendant Franz Enns is a citizen and resident of Canada, and filed his lawsuit in the State of Illinois and Madison County seeking to recover damages for the accident giving rise to this cause of action for declaratory action. (Exhibit A.)

13.     Defendant Sara Enns is a citizen and resident of Canada, and filed her lawsuit in the State of Illinois and Madison County seeking to recover damages for the accident giving rise to this cause of action for declaratory action. (Exhibit A.)

14.     Defendant Manitoba is a corporation organized under the laws of Canada, with its principal place of business in Winnipeg, Manitoba, Canada, and filed its lawsuit in the State of Illinois and Madison County seeking to recover damages for the accident giving rise to this cause of action for declaratory judgment. (Exhibit B.)

15.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, since there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     Venue is appropriate pursuant to 28 U.S.C. §1391, since the events and acts or omissions giving rise to the tort actions which are the subject of this cause of action for declaratory judgment took place in the State of Illinois and this district, and the defendants are subject to personal jurisdiction in this district.

17.     At the time of the April 9, 2014 accident, Jackson was operating a 2006 Freightliner tractor, VIN 1FUJA6CK76LV45159 ("the tractor"), and towing a 2012 Great Dane trailer, VIN 1GRAA0629CT565754 ("the trailer").

18.     At the time of the accident, the tractor was owned by Augusta.

19.     At the time of the accident, the trailer was owned by Expressway Logistics Inc.

20.     At the time of the accident, Expedite was licensed as a motor carrier by the Federal Motor Carrier Safety Administration and the Illinois Commerce Commission.

21.     At the time of the accident, Expedite's name, placard, USDOT number and/or logo were on the side of the tractor.

22.     At the time of the accident, Expedite had in place an automobile liability policy with New York Marine and General Insurance Company ("New York Marine") under policy number PK2014MCA00031 ("the New York Marine policy") effective from February 1, 2014, to March 4, 2015, with a liability limit of $750,000.

23.     At the time of the accident, Jackson was operating the tractor and the trailer.

24.     At the time of the accident, the tractor and trailer were being operated pursuant to Expedite's motor carrier authority.

25.     Before April 9, 2014, Artisan issued a policy to Neron as the named insured under policy number 02497773-0 ("the Artisan policy") with a policy period from December 3, 2013 to

4

December 4, 2014, providing liability coverage subject to the policy's terms, conditions and limitations. (A true and correct copy of the Artisan policy is attached as exhibit L.)

## COUNT I

26.    Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

27.    The Artisan policy states that for coverage to apply, the named insured or the person seeking coverage must promptly report each accident or loss even if the named insured or the person seeking coverage is not at fault. (Exhibit L, page 7.)

28.    The Artisan policy states further that the named insured or the person seeking coverage must obtain and provide Artisan the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved. (Exhibit L, page 7.)

29.    Neron did not report or promptly report the April 9, 2014 accident to Artisan.

30.    Neron did not obtain and provide Artisan with the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

31.    Expedite did not report or promptly report the April 9, 2014 accident to Artisan.

32.    Expedite did not obtain and provide Artisan with the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

33.    Augusta did not report or promptly report the April 9, 2014 accident to Artisan.

34.     Augusta did not obtain and provide Artisan with the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

35.     Jackson did not report or promptly report the April 9, 2014 accident to Artisan.

36.     Jackson did not obtain and provide Artisan with the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

37.     Notice of the April 9, 2014 accident was first received by Artisan on July 2, 2018, by telephone call from an attorney for Franz Enns and Sara Enns.

38.     Having failed to give Artisan notice or prompt notice of the accident, Neron breached its duty under the terms and conditions of the policy and thereby failed to meet a condition precedent to coverage.

39.     Having failed to give Artisan notice or prompt notice of the accident, Expedite breached its duty under the terms and conditions of the policy and thereby failed to meet a condition precedent to coverage.

40.     Having failed to give Artisan notice or prompt notice of the accident, Augusta breached its duty under the terms and conditions of the policy and thereby failed to meet a condition precedent to coverage.

41.     Having failed to give Artisan notice or prompt notice of the accident, Jackson breached his duty under the terms and conditions of the policy and thereby failed to meet a condition precedent to coverage.

42.     Artisan may not be held liable under the policy to Neron, Expedite, Augusta or Jackson, inasmuch as Neron, Expedite, Augusta and Jackson failed to comply with the notice-of-accident condition.

43.     Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

44.     A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a)     there is no liability coverage or other coverage or surety afforded to Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident;

(b)     Artisan and Truckers Casualty Co., is not obligated to defend, indemnify, or provide surety for Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident.

## COUNT II

45.     Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

46.     Franz Enns and Sara Enns filed their complaint in the underlying tort action on May 19, 2015. (A copy of the Enns complaint is attached as exhibit C.)

47.     Augusta was served in the Enns lawsuit on June 18, 2015. (Exhibit E, copy of the Enns motion for default judgment, pages 1 and 4-5.)

48.     Jackson was served in the Enns lawsuit on February 2, 2016. (Exhibit E, pages 1 and 14-17.)

49.     Augusta and Jackson failed to appear and respond to the Enns lawsuit. (Exhibit E.)

50.     Manitoba's petition to intervene and proposed complaint were filed on November 10, 2015, and its petition was granted on December 16, 2015, with Manitoba's complaint deemed to be filed instanter. (Copies of Manitoba's petition, pleading and the court's December 16, 2015 order are attached as exhibit D.)

51.     Augusta was served in the Manitoba lawsuit on June 6, 2016. (Exhibit F, copy of the Manitoba motion for default judgment directed against Augusta, pages 1 and 3-4.)

52.     Jackson was served in the Manitoba lawsuit on July 6, 2016. (Exhibit G, copy of the Manitoba motion for default judgment directed against Jackson, pages 1-2 and 3-7.)

53.     Augusta and Jackson failed to appear and respond to the Manitoba lawsuit. (Exhibits F and G.)

54.     On July 28, 2016, default judgments were entered in favor of Franz Enns and Sara Enns and against Augusta and Jackson. (A copy of the July 28, 2016 order is attached as exhibit H.)

55.     On November 17, 2016, a default judgment was entered in favor of Manitoba and against Augusta and Jackson. (A copy of the November 17, 2016 order is attached as exhibit I.)

56.     On December 12, 2016, a default judgment as to damages was entered in favor of Franz Enns and against Augusta and Jackson in the amount of $660,200, and a default judgment as to damages was entered in favor of Sara Enns and against Augusta and Jackson in the amount of $50,000.  (A copy of the December 12, 2016 Enns order is attached as exhibit J.)

57.     On December 12, 2016, an order of default judgment as to damages was entered in favor of Manitoba and against Augusta and Jackson in the amount of $124,936.72, plus court costs and attorneys' fees.  (A copy of the December 12, 2016 Manitoba order is attached as exhibit K.)

58.     The Artisan policy states that a person seeking coverage must promptly call Artisan to notify Artisan about any claim or lawsuit and send Artisan any and all legal papers relating to any claim or lawsuit.  (Exhibit L, page 7.)

59.     Neron did not call or promptly call Artisan to notify Artisan about any claim or lawsuit and did not send Artisan any and all legal papers relating to any claim or lawsuit.

60.     Expedite did not call or promptly call Artisan to notify Artisan about any claim or lawsuit and did not send Artisan any and all legal papers relating to any claim or lawsuit.

61.     Augusta did not call or promptly call Artisan to notify Artisan about any claim or lawsuit and did not send Artisan any and all legal papers relating to any claim or lawsuit.

62.     Jackson did not call or promptly call Artisan to notify Artisan about any claim or lawsuit and did not send Artisan any and all legal papers relating to any claim or lawsuit.

63.     Notice of the Enns lawsuit and the Manitoba lawsuit was first received by Artisan on July 2, 2018, by telephone call from an attorney for Franz Enns and Sara Enns.

64.    Having failed to give Artisan notice of suit in a timely manner, Neron breached its duty under the terms and conditions of the policy, and thereby failed to meet a condition precedent to coverage.

65.    Having failed to give Artisan notice of suit in a timely manner, Expedite breached its duty under the terms and conditions of the policy, and thereby failed to meet a condition precedent to coverage.

66.    Having failed to give Artisan notice of suit in a timely manner, Augusta breached its duty under the terms and conditions of the policy, and thereby failed to meet a condition precedent to coverage.

67.    Having failed to give Artisan notice of suit in a timely manner, Jackson breached his duty under the terms and conditions of the policy, and thereby failed to meet a condition precedent to coverage.

68.    Artisan may not be held under the policy to Neron, Expedite, Augusta or Jackson, inasmuch as Neron, Expedite, Augusta and Jackson failed to comply with the notice-of-suit condition.

69.    Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

70.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a)     there is no liability coverage or other coverage or surety afforded to Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident;

(b)     Artisan and Truckers Casualty Co., is not obligated to defend, indemnify, or provide surety for Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident.

## COUNT III

71.     Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

72.     The Artisan policy provides liability coverage for a motor vehicle only if the motor vehicle qualifies as an "insured auto" under the terms of the policy.  (Exhibit L, page 12.)

73.     An "insured auto" is defined by the Artisan policy to mean:  an auto specifically described on the declarations page; an additional auto owned by and acquired by the named insured during the policy period; a replacement auto owned by and acquired by the named insured during the policy period; a temporary substitute auto used by the named insured for an insured auto. (Exhibit L, pages 8-9 and 11.)

74.     The tractor and trailer involved in the April 9, 2014 accident were not specifically described autos, because the tractor and trailer were not listed on the Artisan declarations page. (Exhibit L, pages 1-3.)

75.     The tractor and trailer involved in the April 9, 2014 accident were not additional autos or replacement autos, because the tractor and trailer were not owned by Neron, the named insured.

76.     The tractor and trailer that were involved in the April 9, 2014 accident were not temporary substitute autos, because the tractor and trailer were not used by Neron; the tractor and trailer were being used under Expedite's authority as a motor carrier.

77.     Since the tractor and trailer were not listed on the Artisan declarations page, were not additional or replacement autos owned by Neron, and were not used by Neron as temporary substitutes at the time of the April 9, 2014 accident, the tractor and trailer do not qualify as insured autos under the terms of the Artisan policy, and, therefore, Artisan owes no duty to defend Neron, Expedite, Augusta or Jackson for the Enns lawsuit and the Manitoba lawsuit.

78.     The Artisan policy includes an MCS-90 endorsement under Sections 29 and 30 of the Motor Carrier Act of 1980.  (Exhibit L, pages 89-90.)

79.     When applicable, an MCS-90 endorsement operates a surety to guarantee payment of minimal financial amounts set forth in federal regulations.

80.     The MCS-90 endorsement attached to the Artisan policy does not apply to the April 9, 2014 accident.

81.     No duty to defend is imposed by the attachment of an MCS-90 endorsement to a policy.

82.     Since no duty to defend is imposed by the attachment of an MCS-90 endorsement, Artisan owes no duty to defend or indemnify Neron, Expedite, Augusta, or Jackson with regard to the Enns lawsuit or the Manitoba lawsuit.

83.     In addition, an MCS-90 endorsement, if applicable, which is denied, applies only to the motor carrier listed as the named insured on the policy to which it is attached.

84.     Neron is the only named insured listed on the Artisan policy. (Exhibit L, page 1.)

85.     Since Neron is the only named insured listed on the Artisan policy, the MCS-90 endorsement attached thereto, if applicable, which is denied, would not apply to provide surety for Expedite, Augusta, or Jackson with regard to the Enns lawsuit or the Manitoba lawsuit.

86.     The MCS-90 endorsement also applies only if the motor carrier listed as the named insured was engaged in interstate commerce under the motor carrier's authority.

87.     No duty to pay surety is imposed by the attachment of the MCS-90 endorsement to the policy for the April 9, 2014 accident, because Neron, the named insured listed on the Artisan policy, was not engaged in interstate carriage of property for hire, and the tractor and trailer were not being operated under Neron's motor carrier authority.

88.     Further, surety under the MCS-90 endorsement, if applicable, which is denied, applies only in the event there is no other insurance that provides coverage for the occurrence.

89.     The MCS-90 endorsement is not triggered for the April 9, 2014 accident, because the New York Marine policy provides liability coverage in an amount which meets the federally-mandated coverage.

90.     The Artisan policy includes a Form F entitled Uniform Motor Carrier Bodily Injury And Property Damage Liability Insurance Endorsement. (Exhibit L, page 92.)

91.     Form F does not apply to provide liability coverage for the April 9, 2014 accident.

92.     No duty to defend is imposed by the attachment of Form F to the policy.

93.     Since no duty to defend is imposed by the attachment of Form F, Artisan owes no duty to defend Neron, Expedite, Augusta or Jackson with regard to the Enns lawsuit or the Manitoba lawsuit.

94.     Further, Form F, if applicable, which is denied, applies only to the motor carrier who is listed as the named insured on the policy to which it is attached.

95.     Neron is the only named insured listed on the Artisan policy. (Exhibit L, page 1.)

96.     Since Neron is the only named insured listed on the Artisan policy, Form F, if applicable, which is denied, would not apply to provide coverage for Expedite, Augusta or Jackson with regard to the Enns lawsuit or the Manitoba lawsuit.

97.     Form F also applies only if the vehicle involved is being operated under the named insured's motor carrier authority.

98.     At the time of the April 9, 2014 accident, the tractor and trailer were not being operated under Neron's authority as a motor carrier.

99.     At the time the April 9, 2014 accident, the tractor and trailer were being operated under Expedite's authority as a motor carrier.

100.    Since the tractor and trailer were not being operated under Neron's authority as a motor carrier at the time of the April 9, 2014 accident, Form F does not provide Neron with coverage for the Enns lawsuit or the Manitoba lawsuit.

101.    The Artisan policy provides further that if Artisan makes a filing or submits a certificate of insurance on the named insured's behalf with a regulatory or governmental agency, the term "insured" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement. (Exhibit L, page 12.)

102.    The MCS-90 and Form F attached to the Artisan policy name only Neron. (Exhibit L, pages 89-90 and 92.)

103.    Since the MCS-90 and Form F name only Neron, the MCS-90 and Form F, if applicable, which is denied, would provide no surety or coverage for Expedite, Augusta or Jackson for the Enns lawsuit or the Manitoba lawsuit.

104.    The Artisan policy states that if Artisan is required to pay a judgment or if Artisan agrees to settle a claim or lawsuit for bodily injury or property damage arising out of an accident otherwise not covered by the terms of the policy solely because of the filing of a certificate of insurance with a regulatory or governmental agency, Artisan will be obligated to pay no more than the minimal amount required by that agency or applicable law. (Exhibit L, pages 18-19.)

105.    If either Form MCS-90 or Form F were applicable, which is denied, the limit of liability would not be the limit listed on the policy's declarations page, but rather the minimal amount of coverage required by regulation or statute.

106.    The Artisan policy states further that if payment of a judgment or settlement is based upon coverage required by filings, the insured must reimburse Artisan in full for Artisan's payment, including legal fees and costs incurred, whether the payment is made as a result of a judgment or settlement. (Exhibit L, pages 18-19.)

107.    Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

108.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a) there is no liability coverage or other coverage or surety afforded to Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident;

(b) Artisan and Truckers Casualty Co., is not obligated to defend, indemnify, or provide surety for Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuit brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident.

COUNT IV

109. Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

110. The Artisan policy states that for an insured auto that is specifically described on the declarations page, the policy provides primary coverage. (Exhibit L, page 28.)

111. The Artisan policy states further that for an insured auto that is not specifically described on the declarations page, coverage under the policy, if any, is excess over any and all other valid and collectible insurance, whether primary, excess or contingent. (Exhibit L, page 28.)

112. The tractor and trailer involved in the April 9, 2014 accident are not listed on the Artisan declarations page. (Exhibit L, pages 1-3.)

113. The tractor and trailer involved in the April 9, 2014 accident are insured by the policy issued to Expedite by New York Marine.

114. The New York Marine policy applies on a primary basis for the tractor and the trailer involved in the April 9, 2014 accident.

115. Pleading in the alternative and without prejudice to its other allegations and/or denials, the Artisan policy, if applicable, which is denied, provides coverage on an excess basis with respect to the duty to defend and the duty to indemnify.

116. Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

117. A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy and the New York Marine policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., pleading in the alternative and without prejudice to its other allegations and/or denials, and in the event the Artisan policy is deemed to provide liability coverage, requests this Court to declare:

(a) liability coverage afforded by the Artisan policy, if any, applies on an excess basis, and in excess of the policy issued by New York Marine, and over any and other valid and collectible insurance;

(b) Artisan owes no duty to defend the Enns lawsuit or the Manitoba lawsuit and owes no duty to indemnify any defendant in the Enns lawsuit or the Manitoba lawsuit unless or until the liability coverage of the New York Marine policy and any and all other valid and collectible insurance have been exhausted by payment of settlements and/or judgements.

## COUNT V

118. Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

119. The Enns lawsuit alleges that Jackson and Augusta are liable for intentional infliction of emotional distress and that Jackson, after the motor vehicle accident, intended to harm or frighten Franz Enns with actions, words or gestures, and, as a result, Franz Enns suffered emotional distress, fear, anxiety, apprehension and loss of self-esteem. (Exhibit A, pages 4-5; exhibit C, page 4.)

120. The Artisan policy states that Artisan will pay damages for bodily injury for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto. (Exhibit L, page 12.)

121. Franz Enns' causes of action for post-accident intentional infliction of emotional distress do not allege liability arising out of the ownership, maintenance or use of an auto.

122. The Artisan policy states further that liability coverage does not apply to bodily injury or property damage either expected by or caused intentionally by or at the direction of any insured. (Exhibit L, page 15.)

123. Franz Enns' causes of action for intentional infliction of emotional distress allege bodily injury either expected by or caused intentionally by or at the direction of Jackson and Augusta.

124. For these reasons, the Artisan policy does not provide coverage for the causes of action for intentional infliction of emotional distress brought by Franz Enns.

125. Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

126.     A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a)     there is no liability coverage under Artisan policy number 02497773-0 for Franz Enns' causes of action for intentional infliction of emotional distress following the motor vehicle accident, inasmuch as the alleged conduct and damages did not arise out of the ownership, maintenance or use of an insured auto, and the damages are alleged to have been expected by or caused intentionally by or at the direction of Jackson and Augusta;

(b)     Artisan owes no duty to defend or indemnify the causes of action for intentional infliction of emotional distress brought by Franz Enns.


COUNT VI

127.     Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

128.     The Enns lawsuit alleges that Expedite is liable for breach of contract for failure to have insurance in place to cover the tractor and trailer. (Exhibit A, pages 7-8.)

129.     The Enns lawsuit alleges that Neron had a contractual duty to insure the tractor and trailer, and breached its duty by failing to tender the defense of the Enns lawsuit to its insurer. (Exhibit A, pages 9-14.)

130.     The Enns lawsuit alleges further contractual liability against Neron in that Neron entered into a contractual agreement with Augusta and Jackson, and pursuant to said contract,

19

Neron assumed all responsibility for all liability due to Augusta and /or Jackson's actions or inactions. (Exhibit A, pages 9-14.)

131.  The Artisan policy provides liability coverage for damages for bodily injury or property damage because of an accident arising out of the ownership, maintenance or use of an insured auto. (Exhibit L, page 12.)

132.  "Accident" is defined by the Artisan policy to mean a sudden, unexpected and unintended event. (Exhibit L, page 8.)

133.  "Bodily injury" is defined by the Artisan policy to mean bodily harm, sickness or disease. (Exhibit L, page 8.)

134.  "Property damage" is defined by the Artisan policy to mean physical damage to, or loss of, or loss of use of, tangible property. (Exhibit L, page 11.)

135.  The allegations in the Enns lawsuit directed against Expedite for breach of contract for failure to procure insurance do not seek damages arising out of the ownership, maintenance or use of an insured auto.

136.  The allegations in the Enns lawsuit directed against Expedite for breach of contract seek economic damages for failure to procure insurance, not damages for bodily injury or property damage because of an accident.

137.  The allegations in the Enns lawsuit directed against Neron for breach of contract for failure to tender the defense of the Enns lawsuit to its insurer do not allege damages arising out of the ownership, maintenance or use of an insured auto.

138.  The allegations in the Enns lawsuit directed against Neron for breach of contract seek economic damages, not damages for bodily injury or property damage because of an accident.

139.    The Artisan policy states further that liability coverage, including Artisan's duty to defend, does not apply to any liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract. (Exhibit L, page 15.)

140.    An "insured contract" is defined by the Artisan policy as a contract or agreement pertaining to the named insured's business under which the named insured assumes the tort liability that is vicariously imposed on another for the named insured's negligence. (Exhibit L, pages 9-10.)

141.    The allegations in the Enns lawsuit directed against Expedite for breach of contract for failure to procure insurance do not allege that Expedite is contractually liable for tort liability vicariously imposed upon another for Expedite's negligence.

142.    Further, Expedite is not a named insured listed on the Artisan policy, and, therefore, does not qualify for coverage for contractual liability.

143.    The allegations in the Enns lawsuit directed against Neron for breach of contract do not allege that Neron is contractually liable for tort liability vicariously imposed upon another for Neron's negligence.

144.    Neither Expedite's alleged breach of contract, nor Neron's alleged breach of contract, is covered by the Artisan policy.

145.    Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

146.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a)    there is no liability coverage under Artisan policy number 02497773-0 for any and all allegations of breach of contract alleged in the Enns lawsuit against Neron Logistics LLC and Expedite US 48 Inc.;

(b)    Artisan and Truckers Casualty Co., is not obligated to defend or indemnify Neron Logistics LLC and Expedite US 48 Inc., for the causes of action for breach of contract alleged in the Enns lawsuit or as to any other claim or action based on breach of contract.

## COUNT VII

147.    Artisan incorporates paragraphs 1 through 25 of this complaint by reference as if fully stated herein.

148.    The Enns lawsuit alleges that punitive damages will be sought.  (Exhibit A, pages 5-10.)

149.    The Artisan policy states that if liability coverage applies, Artisan will pay damages, other than punitive or exemplary damages, for bodily injury and property damage. (Exhibit L, page 12.)

150.    Under the terms and conditions of the Artisan policy, no coverage is provided for the punitive or exemplary damages alleged in the Enns lawsuit.

151.    Defendants are named as parties to this action because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

152.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan Truckers and Casualty Co., asks this Court to declare:

(a)     there is no liability coverage under Artisan policy number 02497773-0 for any and all causes of action in the Enns lawsuit seeking punitive or exemplary damages;

(b)     Artisan and Truckers Casualty Co., is not obligated to defend or indemnify Neron, Expedite, Augusta or Jackson for any cause of action alleged in the Enns lawsuit which seeks punitive or exemplary damages

Respectfully submitted,

Magnani & Buck Ltd.

*/S/ Thomas L. Buck*

Thomas L. Buck
One of the Attorney for Artisan and Truckers Casualty Co.
Magnani & Buck Ltd.
Attorneys for Artisan and Trucking Casualty Co.
321 South Plymouth Court, Suite 1700
Chicago, IL 60604
Telephone: (312) 294-4800     Facsimile: (312) 294-4815
Attorney I. D. No. 06185155
Email: tlb@magnanilaw.com & law@magnanibuck.com

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF COOK        )

Thomas L. Buck, being first duly sworn on oath, deposes and states that:

1.     He is one of the attorneys for the plaintiff in this cause;

2.     He has prepared and read the complaint for declaratory judgment filed in this cause and has personal knowledge of the fats and matters contained in it; and

3. The facts and allegations contained in the complaint for declaratory judgment are true and correct.

_____
Thomas L. Buck

Subscribed and sworn to before me this
27ᵗʰ day of December, 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
BRIDGET RICE
Notary Public, State of Illinois
My Commission Expires 11/29/2021