**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
-----------------------------------------------------------------x

ARTISAN AND TRUCKERS CASUALTY CO.,

                Plaintiff,

     v.                                           **Case No.: 3:18-cv-02220-SMY-RJD**

NERON LOGISTICS LLC, EXPEDITE US 48 INC., AUGUSTA LOGISTICS, INC., JOHN JACKSON, FRANZ ENNS, SARA ENNS, MANITOBA PUBLIC INSURANCE, and NEW YORK MARINE AND GENERAL INSURANCE COMPANY

                Defendants.

-----------------------------------------------------------------x

### DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, New York Marine and General Insurance Company's ("NY Marine"), through their attorney(s), BatesCarey LLP, answers Plaintiff's, Artisan and Truckers Casualty Co.'s, ("Artisan") Complaint for Declaratory Judgment as follows:

1.      The allegations in Paragraph 1 constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine admits that Artisan is seeking a determination of its rights with regard to a contract of insurance for a lawsuit brought by Franz Enns and Sara Enns and a lawsuit brought by Manitoba Public Insurance ("Manitoba"), including a declaratory judgment that Artisan owes no duty to defend and indemnify Neron Logistics LLC ("Neron"), Expedite US 48 Inc. ("Expedite"), Augusta Logistics, Inc. ("Augusta"), and John Jackson ("Jackson") in such lawsuits. NY Marine denies that Artisan is entitled to the rights and judgment it is seeking.

2.      NY Marine admits the allegations of Paragraph 2 of the Complaint.

3.     NY Marine admits that the Enns lawsuit alleges that Jackson liable for his negligent operation of a tractor and trailer. NY Marine denies Artisan's characterization of the Enns' lawsuit's assertion of liability as to August, Expedite, and Neron, and therefore denies the remaining allegations of Paragraph 3 of the Complaint. Further answering, NY Marine denies that any operative allegations currently exist that Expedite was vicariously liable as Jackson's alleged employer and/or principal, as Expedite has been dismissed from the Enns lawsuit.

4.     NY Marine admits that Franz Enns seeks damages for bodily injury and that Sara Enns seeks damages for loss of consortium, but denies that the allegations in Paragraph 4 of the Complaint fully, completely and accurately describe the nature of the damages alleged in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 4 of the Complaint.

5.     NY Marine admits that the Manitoba lawsuit is directed against Jackson and Augusta for negligent operation of the tractor and trailer, and was filed by Manitoba as a subrogee to collect payments for property damage to Franz Enn's tractor and trailer, but denies that the allegations in Paragraph 5 of the Complaint fully, completely and accurately describe the nature of the allegations in the Manitoba lawsuit and therefore denies the remaining allegations of Paragraph 5 of the Complaint.

6.     NY Marine admits the allegations of Paragraph 6 of the Complaint.

7.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 7 of the Complaint.

8.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 8 of the Complaint.

9.     NY Marine admits the allegations of Paragraph 10 of the Complaint.

10.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 10 of the Complaint.

11.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 11 of the Complaint.

12.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 12 of the Complaint.

13.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 13 of the Complaint.

14.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine admits the allegations of Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine admits the allegations of Paragraph 16 of the Complaint.

17.     NY Marine admits only that the police report of the accident lists the alleged make, year, and VIN numbers for the tractor and the trailer.  NY Marine lacks knowledge and information sufficient to form a belief regarding the remaining allegations of Paragraph 17 of the Complaint.

18.     NY Marine admits the allegations of Paragraph 18 of the Complaint.

19.     NY Marine admits the allegations of Paragraph 19 of the Complaint.

20.     NY Marine admits the allegations of Paragraph 20 of the Complaint.

21.    NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 21 of the Complaint.

22.    NY Marines admits that it issued policy no. PK2014MCA00031 to named insured Expedite US 48 Inc., effective February 1, 2014 to February 1, 2015. NY Marine denies the remaining allegations of Paragraph 22 of the Complaint to the extent they differ from what is specifically admitted herein.

23.    NY Marine admits the allegations of Paragraph 23 of the Complaint.

24.    NY Marine denies the allegations of Paragraph 24 of the Complaint.

25.    NY Marine admits that Exhibit L reflects an insurance policy issued by Artisan to Neron.

COUNT I

26.    NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

27.    NY Marine admits that page 7 of Exhibit L reflects the condition that a person seeking coverage "must promptly report each accident or loss." NY Marine denies any characterizations of policy language contained in Paragraph 27 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

28.    NY Marine admits that page 7 of Exhibit L reflects the condition that a person seeking coverage "obtain and provide **us** the names and addresses of any witnesses, and the license plate numbers of the vehicles involve." NY Marine denies the characterizations of policy language contained in Paragraph 28 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

29.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 29 of the Complaint.

30.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 30 of the Complaint.

31.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 31 of the Complaint.

32.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 32 of the Complaint.

33.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 33 of the Complaint.

34.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 34 of the Complaint.

35.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 35 of the Complaint.

36.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 36 of the Complaint.

37.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 42 of the Complaint.

43.     To the extent the allegations of Paragraph 43 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 43 of the Complaint. To the extent the allegations of Paragraph 43 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count I and, accordingly, denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations in Paragraph 44 of the Complaint because it is not a necessary party to this litigation and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count I.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

## COUNT II

45.     NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

46.     NY Marine admits that Franz Enns and Sara Enns filed their original complaint in the underlying tort action on May 19, 2015. NY Marine denies that the Enns' original complaint is the operative complaint, and therefore denies the allegations of Paragraph 46 of the Complaint to the extent not specifically admitted herein.

47.     NY Marine admits that Exhibit A to Exhibit E to the Complaint reflects that Augusta was dissolved on April 10, 2015 and that service on Augusta was attempted by serving the Secretary of State on June 18, 2015. NY Marine denies that service was properly made on Augusta and denies the allegations of Paragraph 47 of the Complaint to the extent not specifically admitted herein.

48.     NY Marine admits that Exhibit B to Exhibit E to the Complaint reflects that service on Jackson was attempted by serving the Secretary of State on February 2, 2016. NY Marine denies that service was properly made on Jackson and denies the allegations of Paragraph 47 of the Complaint to the extent not specifically admitted herein.

49.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 49 of the Complaint.

50.     NY Marine admits the allegations of Paragraph 50 of the Complaint.

51.     NY Marine admits that Exhibit 1 to Exhibit F reflects that service of the Manitoba lawsuit was made upon Bobby Veltchev, registered agent for Augusta, on June 6, 2016. NY Marine denies that service was properly made on Augusta and denies the allegations of Paragraph 51 of the Complaint to the extent not specifically admitted herein.

52.     NY Marine admits that Exhibit 1 to Exhibit G to the Complaint reflects that service on Jackson was attempted by serving the Secretary of State on July 6, 2016. NY Marine denies that service was properly made on Jackson and denies the allegations of Paragraph 52 of the Complaint to the extent not specifically admitted herein.

53.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 53 of the Complaint.

54.     NY Marine admits the allegations of Paragraph 54 of the Complaint.

55.     NY Marine admits the allegations of Paragraph 55 of the Complaint.

56.     NY Marine admits the allegations of Paragraph 56 of the Complaint.

57.     NY Marine admits the allegations of Paragraph 57 of the Complaint.

58.     NY Marine admits that page 7 of Exhibit L reflects the condition that a person seeking coverage "must promptly report each accident or loss." NY Marine denies any characterizations of policy language contained in Paragraph 58 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

59.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 59 of the Complaint.

60.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 60 of the Complaint.

61.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 61 of the Complaint.

62.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 62 of the Complaint.

63.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 63 of the Complaint.

64.     The allegations in Paragraph 64 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 67 of the Complaint.

68.     The allegations in Paragraph 68 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 68 of the Complaint.

69.     To the extent the allegations of Paragraph 69 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to

form a belief regarding the allegations of Paragraph 69 of the Complaint. To the extent the allegations of Paragraph 69 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count II and, accordingly, denies the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations in Paragraph 70 of the Complaint because it is not a necessary party to this litigation and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count II.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

COUNT III

71.     NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

72.     NY Marine admits that page 12 of Exhibit L reflects an insuring agreement that Artisan "will pay damages…for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**." NY Marine denies any characterizations of policy language contained in Paragraph 72 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

73.     NY Marine admits that pages 8-9 and 11 of Exhibit L reflect definitions of the term "insured auto" and "temporary substitute auto." NY Marine denies any characterizations of

policy language contained in Paragraph 73 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

74.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 74 of the Complaint.

75.     NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 75 of the Complaint.

76.     NY Marine denies that "the tractor and trailer were being used under Expedite's authority as a motor carrier." NY lacks knowledge and information sufficient to form a belief regarding the remaining allegations of Paragraph 76 of the Complaint.

77.     The allegations in Paragraph 77 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 77 of the Complaint.

78.     NY Marine admits that Exhibit L to the Complaint reflects an endorsement entitled "Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980." NY Marine denies any characterizations of policy language contained in Paragraph 78 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

79.     The allegations in Paragraph 79 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 79 of the Complaint.

80.     The allegations in Paragraph 80 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint constitute a legal conclusion to which no response is required. The allegations of Paragraph 81 speak in general about the legal effect of insurance policy endorsements.  To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 82 of the Complaint.

83.     The allegations in Paragraph 83 of the Complaint speak in general about the legal effect of insurance policy endorsements and, therefore, constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 83 of the Complaint.

84.     NY Marine admits that "Neron Logistics LLC" is the named insured listed on page 1 of Exhibit L. NY Marine denies any characterizations of policy inconsistent with the language contained in Paragraph 84 of the Complaint.

85.     The allegations in Paragraph 85 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 85 of the Complaint.

86.     The allegations in Paragraph 86 of the Complaint speak in general about the legal effect of insurance policy endorsements and, therefore, constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and

information sufficient to form a belief regarding the allegations of Paragraph 86 of the Complaint.

87.     The allegations in Paragraph 87 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 87 of the Complaint.

88.     The allegations in Paragraph 88 of the Complaint speak in general about the legal effect of insurance policy endorsements and, therefore, constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations of Paragraph 89 of the Complaint. Answering further, NY Marine states that its policy issued to Expedite, which is not a party in the Enns lawsuit or the Manitoba lawsuit, does not provide coverage for the April 9, 2014 incident.

90.     NY Marine admits the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge

and information sufficient to form a belief regarding the allegations of Paragraph 92 of the Complaint.

93.    The allegations in Paragraph 93 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 93 of the Complaint.

94.    The allegations in Paragraph 94 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 94 of the Complaint.

95.    NY Marine admits that "Neron Logistics LLC" is the named insured listed on page 1 of Exhibit L. NY Marine denies any characterizations of policy language contained in Paragraph 94 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

96.    The allegations in Paragraph 96 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 96 of the Complaint.

97.    The allegations in Paragraph 97 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 97 of the Complaint.

98. NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 98 of the Complaint. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 98 of the Complaint

99. NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 99 of the Complaint. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 99 of the Complaint

100. The allegations in Paragraph 96 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 96 of the Complaint.

101. NY Marine admits that page 12 of Exhibit L contains provisions related to the definition of an "insured." NY Marine denies any characterizations of policy language contained in Paragraph 101 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

102. NY Marine admits that page 89 and 92 of Exhibit L list "Neron Logistics LLC" as the entity to whom each respective endorsement was issued. NY Marine denies any characterizations of policy inconsistent with the language Exhibit L.

103. The allegations in Paragraph 103 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 103 of the Complaint.

104. NY Marine admits that pages 18-19 of Exhibit L contain provisions related to coverage required by filings. NY Marine denies any characterizations of the policy inconsistent with the language in Exhibit L.

105. The allegations in Paragraph 105 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 105 of the Complaint.

106. NY Marine admits that pages 18-19 of Exhibit L contain provisions related to coverage required by filings. NY Marine denies any characterizations of the policy inconsistent with the language in Exhibit L.

107. To the extent the allegations of Paragraph 107 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 107 of the Complaint. To the extent the allegations of Paragraph 107 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count III and, accordingly, denies the allegations in Paragraph 107 of the Complaint.

108. The allegations in Paragraph 108 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations in Paragraph 108 of the Complaint because it is not a necessary party to this litigation and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count III.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

COUNT IV

109.  NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

110.  NY Marine admits that page 28 of Exhibit L contains provisions related to other insurance. NY Marine denies any characterizations of the policy inconsistent with the language in Exhibit L.

111.  NY Marine admits that page 28 of Exhibit L contains provisions related to other insurance. NY Marine denies any characterizations of the policy inconsistent with the language contained in Exhibit L.

112.  NY Marine admits that VIN 1FUJA6CK76LV45159 and VIN 1GRAA0629CT565754 do not appear on page 2 of Exhibit L. Answering further, NY Marine states that pg. 2 of Exhibit L does list VIN 1FUJA6CK56LV45158 under the heading "2006 Frht Col." NY Marine lacks knowledge and information sufficient to form a belief regarding the remaining allegations of Paragraph 112 of the Complaint.

113.  NY Marine denies the allegations in Paragraph 113 of the Complaint.

114.  NY Marine denies the allegations of Paragraph 114 of the Complaint.

115.  NY Marine denies the allegations of Paragraph 115 of the Complaint.

116.  To the extent the allegations of Paragraph 116 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 116 of the Complaint. To the extent the allegations of Paragraph 116 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment under the terms and provisions of the Artisan Policy. Answering further, NY Marine denies that

Artisan is entitled to the relief it seeks relative to the NY Marine Policy and, accordingly, denies the allegations in Paragraph 116 of the Complaint.

117.     To the extent the allegations of Paragraph 117 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 117 of the Complaint. To the extent the allegations of Paragraph 116 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment under the terms and provisions of the Artisan Policy. Answering further, NY Marine denies that Artisan is entitled to the relief it seeks relative to the NY Marine Policy and, accordingly, denies the allegations in Paragraph 117 of the Complaint.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

COUNT V

118.     NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

119.     NY Marine admits that the Enns lawsuit contains a count for intentional infliction of emotional distress. NY Marine denies that the allegations in Paragraph 119 of the Complaint fully, completely and accurately describe the nature of allegations in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 119 of the Complaint. Answering further, NY Marine states that the allegations in the Enns lawsuit speak for themselves.

120.     NY Marine admits that page 12 of Exhibit L reflects an insuring agreement that Artisan "will pay damages…for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising

out of the ownership, maintenance or use of that **insured auto**." NY Marine denies any characterizations of policy language contained in Paragraph 120 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

121.     The allegations in Paragraph 121 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 121 of the Complaint.

122.     NY Marine admits that page 15 of Exhibit L contains certain policy exclusions. NY Marine denies any characterizations of policy language contained in Paragraph 122 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

123.     The allegations in Paragraph 123 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 123 of the Complaint.

124.     The allegations in Paragraph 124 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 124 of the Complaint.

125.     To the extent the allegations of Paragraph 125 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 125 of the Complaint. To the extent the allegations of Paragraph 125 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count V and, accordingly, denies the allegations in Paragraph 125 of the Complaint.

126.     The allegations in Paragraph 126 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the

allegations in Paragraph 126 of the Complaint because it is not a necessary party to this litigation and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count V.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

COUNT VI

127.    NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

128.    NY Marine admits that the Enns lawsuit contains a count for breach of contract. NY Marine denies that the allegations in Paragraph 128 of the Complaint fully, completely and accurately describe the nature of allegations in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 128 of the Complaint. Answering further, NY Marine states that the allegations in the Enns lawsuit speak for themselves.

129.    NY Marine admits that the Enns lawsuit contains a count for breach of contract. NY Marine denies that the allegations in Paragraph 129 of the Complaint fully, completely and accurately describe the nature of allegations in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 129 of the Complaint. Answering further, NY Marine states that the allegations in the Enns lawsuit speak for themselves.

130.    NY Marine admits that the Enns lawsuit contains a count for breach of contract. NY Marine denies that the allegations in Paragraph 130 of the Complaint fully, completely and accurately describe the nature of allegations in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 130 of the Complaint. Answering further, NY Marine states that the allegations in the Enns lawsuit speak for themselves.

131.     NY Marine admits that page 12 of Exhibit L reflects an insuring agreement that Artisan "will pay damages…for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**." NY Marine denies any characterizations of policy language contained in Paragraph 131 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

132.     NY Marine admits that page 8 of Exhibit L contains a definition for the term "accident." NY Marine denies any characterizations of policy language contained in Paragraph 132 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

133.     NY Marine admits that page 8 of Exhibit L contains a definition for the term "bodily injury." NY Marine denies any characterizations of policy language contained in Paragraph 133 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

134.     NY Marine admits that page 11 of Exhibit L contains a definition for the term "property damage." NY Marine denies any characterizations of policy language contained in Paragraph 134 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

135.     The allegations in Paragraph 135 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 135 of the Complaint.

136.     The allegations in Paragraph 136 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 136 of the Complaint.

137.     The allegations in Paragraph 137 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 137 of the Complaint.

138.     The allegations in Paragraph 138 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 138 of the Complaint.

139.     NY Marine admits that page 12 of Exhibit L contains certain policy exclusions. NY Marine denies any characterizations of policy language contained in Paragraph 139 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

140.     NY Marine admits that page 9-10 of Exhibit L contains a definition for the term "insured contract." NY Marine denies any characterizations of policy language contained in Paragraph 140 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

141.     The allegations in Paragraph 141 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 141 of the Complaint.

142.     The allegations in Paragraph 142 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 143 of the Complaint.

144.     The allegations in Paragraph 144 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 144 of the Complaint.

145.     To the extent the allegations of Paragraph 145 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 145 of the Complaint. To the extent the allegations of Paragraph 145 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count VI and, accordingly, denies the allegations in Paragraph 145 of the Complaint.

146.     The allegations in Paragraph 146 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations in Paragraph 146 of the Complaint because it is not a necessary party to this litigation and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count VI.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

## COUNT VII

147.     NY Marine repeats, realleges, and reiterates each and every allegation set forth in Paragraphs 1 through 25 inclusive as if they were fully set forth herein.

148.     NY Marine admits that the Enns lawsuit alleges that "Plaintiff will seek leave to claim punitive damages at the appropriate time." NY Marine denies that the allegations in Paragraph 148 of the Complaint fully, completely and accurately describe the nature of allegations in the Enns lawsuit and therefore denies the remaining allegations of Paragraph 148 of the Complaint. Answering further, NY Marine states that the allegations in the Enns lawsuit speak for themselves.

149.     NY Marine admits that page 12 of Exhibit L states that Artisan will pay for certain covered damages "other than punitive or exemplary damages." NY Marine denies any characterizations of policy language contained in Paragraph 149 of the Complaint, and states that the terms and conditions reflected in Exhibit L speak for themselves.

150.     The allegations in Paragraph 150 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, upon information and belief, NY Marine denies the allegations of Paragraph 150 of the Complaint.

151.     To the extent the allegations of Paragraph 151 of the Complaint are directed against parties other than NY Marine, NY Marine lacks knowledge and information sufficient to form a belief regarding the allegations of Paragraph 151 of the Complaint. To the extent the allegations of Paragraph 151 of the Complaint are directed to NY Marine, NY Marine denies that it has any financial interest in the outcome of Artisan's request for declaratory judgment as described in Count VII and, accordingly, denies the allegations in Paragraph 151 of the Complaint.

152.     The allegations in Paragraph 152 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NY Marine denies the allegations in Paragraph 152 of the Complaint because it is not a necessary party to this litigation

and there is no case or controversy between Artisan and NY Marine with regard to the relief Artisan seeks as described in Count VII.

Wherefore, NY Marine asks that the Court deny Artisan's requests for relief, and dismiss Artisan's complaint with prejudice.

## <u>NY MARINE'S AFFIRMATIVE DEFENSES TO ARTISAN'S COMPLAINT</u>

NY Marine hereby sets forth its separate, distinct, and alternative Affirmative Defenses to the Complaint filed by Artisan. NY Marine sets forth the following matters to apprise Artisan of certain applicable defenses based on the information available to NY Marine to date. By listing any matter as an Affirmative Defense, NY Marine does not assume the burden of proving any matter upon which Artisan has the burden of proof under the applicable law. NY Marine's investigation continues and NY Marine reserves the right to supplement these Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Artisan Complaint fails to state a claim upon which relief may be granted from NY Marine.

**WHEREFORE**, NY Marine respectfully requests that the Court deny the relief requested by Artisan in its Complaint for Declaratory Relief.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Artisan lacks standing to assert a claim against NY Marine, because there is no case or controversy between Artisan and NY Marine.

**WHEREFORE**, NY Marine respectfully requests that the Court deny the relief requested by Artisan in its Complaint for Declaratory Relief.

Dated: February 27, 2019

Respectfully submitted,

/s/ *John A. Husmann*
John A. Husmann (IL # 6273392)
Theresa M. Carroll (IL# 6308024) (seeking admission *pro hac vice*)
BatesCarey LLP
191 N. Wacker, Ste 2400
Chicago, IL 60606
Phone: 312-762-3130
Fax: 312-762-3200
jhusmann@batescarey.com
tcarroll@batecarey.com

2164238