IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., | ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 18-CV-2220-SMY ) |
| NERON LOGISTICS LLC, et al., EXPEDITE US 48 INC., AUGUSTA LOGISTICS, INC., JOHN JACKSON, FRANZ ENNS, SARA ENNS, MANITOBA PUBLIC INSURANCE, and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the Defendants Franz Enns and Sara Enns' Motion to Dismiss (Doc. 90) and Motion to File Reply Brief out of time (Doc. 113). For the following reasons, the Motion to Dismiss is **DENIED** and the Motion to File Reply Brief is **GRANTED in part and DENIED in part**.

### Background

Plaintiff Artisan and Truckers Casualty Co. ("ATCC") filed this diversity action seeking a declaratory judgment that it does not owe a defense or indemnification to Neron Logistics LLC ("Neron"), Expedite US 48 Inc. ("Expedite"), Augusta Logistics, Inc. ("Augusta"), and John Jackson in relation to a lawsuit filed in state court by Franz and Sara Enns (collectively "Enns") and joined by Manitoba Public Insurance ("Manitoba").

According to the Amended Complaint for Declaratory Judgment (Doc. 82), the Enns were

involved in a motor vehicle accident on I-270 in Madison County, Illinois on April 9, 2014. They filed a lawsuit in the Third Judicial Circuit, Madison County, Illinois, in which they claim the accident was caused by Jackson, who was driving a tractor/trailer at the time and was employed by Neron, Expedite, and/or Augusta.[1][2] The tractor driven by Jackson was owned by Augusta and licensed/operated by Expedite and the trailer hitched to the tractor was owned by Expressway Logistics Inc. (which is not a party to this lawsuit). Expedite was insured by New York Marine and General Insurance Company ("New York Marine") under an automobile liability policy ("New York Marine Policy") and Neron was insured by ATCC under policy #02497773-0 in effect December 3, 2013 to December 4, 2014 ("ATCC policy").

ATCC alleges that Neron, Expedite, Augusta, and Jackson breached the ATCC policy by failing to provide prompt notice of the accident and by failing to notify it of the lawsuit filed by the Enns and Manitoba (Counts I and II). ATCC also alleges that the tractor/trailer driven by Jackson is not a covered "auto" under the ATCC policy (Count III), that the ATCC policy, if it applies at all, only provides excess insurance (Count IV), and that the ATCC policy limits liability to accidental bodily or property damage and not the intentional torts set forth in the state court action (Count V), or the claims of breach of contract (Count VI), or the claims for punitive or exemplary damages (Count VII). Finally, ATCC alleges that the damages in the state law action are covered by the New York Marine Policy, and therefore, New York Marine owes Jackson, Augusta, Expedite, and Neron a defense and indemnification (Counts VIII and IX).

---

[1] Manitoba joined the Enns' lawsuit as a party-plaintiff seeking compensation for damage to the tractor/trailer driven by Franz Enns at the time of the accident.

[2] State court records indicate that default judgment was entered against Jackson and Augusta and the Enns voluntarily dismissed their claims against Neron and Expedite (Docs. 71-1 and 107-1). The default judgment against Jackson was subsequently vacated, Augusta was granted leave to appeal the entry of default judgment, and the Enns have refiled their claims against Neron and Expedite (with which they wish to consolidate their claims against Jackson) (*Id.*; Doc. 113-1).

**Discussion**

The Enns raise three arguments in their Motion to Dismiss: that this Court should abstain from exercising subject matter jurisdiction and instead use discretion to dismiss this action under the Declaratory Judgment Act, 28 U.S.C. § 2201; that this Court lacks subject matter jurisdiction; and that ATCC should be prevented from forum shopping.

With respect to this Court's subject matter jurisdiction, the Enns argue that ATCC is owned by Progressive Commercial Insurance which has an underwriter with headquarters in Michigan, the state in which Jackson resides, thus defeating diversity jurisdiction. But the place of business of an underwriter of a parent corporation has no bearing on ATCC's citizenship for jurisdictional purposes. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 94 (2005) ("But Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates."). Rather, for diversity purposes, the citizenship of a corporation is determined by both its place of incorporation and its principal place of business – in this case, Wisconsin and Ohio (Doc. 84, p. 2). 28 U.S.C. § 1332(c)(1). Thus, diversity of citizenship exists between Jackson and ATCC.

At least implicitly acknowledging this Court's subject matter jurisdiction, the Enns urge the Court to abstain from exercising the same. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . .any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id*. § 2201. The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995); *see also Brillhart v Excess Ins. Co. of America*, 316 U.S. 491 (1942). As such, a district court may dismiss or stay an action for

declaratory judgment in favor of the state court action. *Wilton*, 515 U.S. at 288; *Brillhart*, 316 U.S. at 494-495.

Typically, "the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). A state court proceeding is parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id*. Here, the state court case and this federal action are not parallel suits because they are not being litigated by substantially the same parties and do not concern the same issues. The underlying state court proceedings are tort actions to recover damages for injuries and loss of property sustained in the April 9, 2014 accident and neither Plaintiff ATCC nor Defendant New York Marine are parties to or involved in the state court litigation.

That said, the Court also considers "…whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Nationawide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). This action involves only the interpretation of the ATCC and New York Marine policies and a determination as to whether ATCC and/or New York Marine owe the insured a defense and indemnification for the claims asserted in the underlying state case. Such a determination will be helpful in clarifying the obligations of the insurance carriers, thereby allowing the parties in the state court action to effectively evaluate their settlement and/or trial options. These factors militate against abstention.

Finally, the Enns argue that ATCC is forum shopping because "everything involved in the

underlying lawsuit occurred in Madison County, Illinois." They also maintain that it is inconvenient to litigate in this Court. This argument is totally unsupported, lacks legal merit, and therefore, does not warrant the Court's consideration.

## Conclusion

For the foregoing reasons, the Defendants Enns' Motion to Dismiss (Doc. 90) is **DENIED** and Motion to File Reply Brief out of time (Doc. 113) is **GRANTED in part and DENIED in part**.[3]

**IT IS SO ORDERED.**

**DATED:  April 22, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**

---

[3] The Court has considered only the statements concerning the posture of the state court litigation and not the legal arguments contained in the reply brief.