2904.2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-02220-SMY |
| | ) | |
| | ) | |
| NERON LOGISTICS LLC, EXPEDITE US 48 | ) | |
| INC., AUGUSTA LOGISTICS, INC., | ) | |
| JOHN JACKSON, FRANZ ENNS, SARA ENNS, | ) | |
| MANITOBA PUBLIC INSURANCE, and | ) | |
| NEW YORK MARINE AND GENERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

ARTISAN'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

Plaintiff, Artisan and Truckers Casualty Co. ("Artisan"), by one of its attorneys, Thomas L. Buck, Magnani & Buck Ltd., pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(c), sets forth below its brief in support of it motion for summary judgment as to Counts I, II, III and VI of Artisan's amended complaint for declaratory judgment.

In support of its motion and brief, Artisan files and incorporates by reference: transcript of the deposition of John Jackson (exhibit 1); transcript of the deposition of Trooper Brent Frey (exhibit 2); transcript of the deposition of Trooper Karen Draper Richter (exhibit 3); affidavit of Artisan/Progressive representative Mark Root (exhibit 4); Enns' answers to interrogatories (exhibit 5); Enns' response to Artisan's request for

1

production (exhibit 6); Manitoba's answers to interrogatories (exhibit 7); Manitoba's response to request for production (exhibit 8); New York Marine's answers to interrogatories (exhibit 9); New York Marine's response to request for production (exhibit 10); Federal Motor Carrier Safety Administration (FMCSA), Illinois Commerce Commission (ICC) and Illinois Secretary of State listing for Expedite (exhibit11); Illinois Secretary of State listing for Augusta (exhibit 12); FMCSA, ICC and Illinois Secretary of State listing for Neron (exhibit 13).

**Counts I and II. Artisan's contractual duties to defend and indemnify were not triggered, because the parties failed to give Artisan prompt notice of the accident and the lawsuits.**

The undisputed facts as to Counts I and II are as follows.  The accident took place on April 9, 2014.  (Doc. 84-3; doc. 84-4; exhibit 1, pages 8-9.)  The Enns complaint against Augusta and Jackson was filed on May 19, 2015.  (Doc. 84-3.)  The Manitoba complaint against Augusta and Jackson was filed on December 16, 2015.  (Doc. 84-4, page 7.)

The Enns filed a motion for default judgments on June 8, 2016.  (Doc. 84-5.)  Default judgments as to liability were entered against Augusta and Jackson on July 28, 2016.  (Doc. 84-8.)  On December 12, 2016, a default judgment as to damages was entered in favor of Franz Enns and against Augusta and Jackson in the amount of $660,200.00.  (Doc. 84-10.)  A default judgment as to damages was entered in favor of Sara Enns and against Augusta and Jackson in the amount of $50,000.00.  (Id.)

Manitoba filed motions for default judgment against Augusta and Jackson on September 26, 2016.  (Doc. 84-6 and doc. 84-7.)  Default judgments as to liability were entered against Augusta and Jackson on November 17, 2016.  (Doc. 84-9.)  On December

12, 2016, a judgment for damages was entered in favor of Manitoba in the amount of $124,936.72.  (Doc. 84-11.)

The accident between the tractor-trailer driven by Jackson and the tractor-trailer driven by Franz Enns was investigated by the Illinois State Police.  (Exhibit 2, pages 9-11, 45-56; exhibit 3, pages 15-20, 55-66.)  Expedite was identified as the motor carrier who was operating the tractor and trailer driven by Jackson.  (Exhibit 2, pages 19-21, 47-48, 52-53 and 57; exhibit 3, pages 21-23, 62-63.)  Augusta was identified as the owner of the tractor.  (Exhibit 2, pages 9-11, 55.)  New York Marine was identified as the insurance company for the tractor and trailer.  (Id.)

Wildwood Transport Inc. (Wildwood) was identified as the motor carrier who was operating the tractor and trailer driven by Franz Enns.  (Exhibit 2, pages 22-23, 56; exhibit 3, pages 15-20; 64.)  Franz Enns was identified as the owner of the tractor.  (Exhibit 2, pages 9-11, 55.)  Manitoba was identified as the insurance company for the tractor and trailer.  (Id.)

Expedite was licensed as a motor carrier by the FMCSA and ICC.  (Exhibit 2, pages 19-20, 36-37; exhibit 3, pages 32-34; exhibit 11.)  Expedite was registered as a domestic corporation with the Illinois Secretary of State; Nikolay Veltchev was listed as the corporation's president and agent.  (Exhibit 11, pages 8-9.)  Augusta was also registered as a domestic corporation; Bobby Veltchev was listed as the president and agent.  (Exhibit 12, pages 1-2.)

Jackson notified Expedite about the accident immediately after it happened.  (Exhibit 1, pages 19-20.)  Jackson spoke by cell phone to Nick Veltchev.  (Id.)  Nick Veltchev notified New York Marine about the accident on June 3, 2014.  (Exhibit 9, page

4, answer to interrogatory 11; exhibit 10, pages 13-19.)  Franz Enns notified Manitoba on or before April 22, 2014.  (Exhibit 7, page 5, answer to interrogatory 19; exhibit 8, pages 7-8.)

Notice was first received by Artisan on July 2, 2018.  (Exhibit 4.)  An attorney for the Enns called to tell Artisan about the accident.  (Id.)  The attorney followed with written notice on July 13, 2018, and demanded that Artisan pay the judgments, plus post-judgment interest.  (Exhibit 6, page 24.) [1]

The Artisan policy states that one seeking coverage must promptly report an accident in order for coverage to apply.  (Doc. 84-12, page 7.)  The policy states further that one seeking coverage must promptly call Artisan to notify Artisan about any claim or lawsuit, and must send Artisan any and all legal papers relating to any claim or lawsuit.  (Id.)

A provision in an insurance liability policy requiring an insured to give the insurer notice of an accident is a reasonable requirement, one which affords the insurer an opportunity to make a timely and thorough investigation and to gather and preserve possible evidence.  Farmers Automobile Insurance Ass'n v. Burton, 2012 IL App (4th) 110289, ¶16.  Likewise, a policy provision requiring an insured to notify an insurer of a lawsuit is also valid and enforceable; notice of suit affords the insurer the opportunity to defend the cause of action.  Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc, 313 Ill.App.3d 457, 464-65 (2000).  A notice provision is not merely a technical requirement but is a condition precedent to an insurer's contractual duties.

---

[1] The Enns, Manitoba and New York Marine aver in answers to interrogatories that they have no knowledge as to when or who reported the accident or the lawsuits to Artisan. (Exhibit 5, pages 3-4; exhibit 7, pages 2-3; exhibit 9, pages 3-4; answers to interrogatories 9 and 10.)

Burton, 2012 IL App (4th) 110289, ¶16; Northbrook, 313 Ill.App.3d at 464. Noncompliance with a notice clause will defeat one's right to recover under the policy. Country Mutual Insurance Co. v. Livorsi Marine, Inc., 222 Ill.2d 303, 311-312 (2006).

Notice from a third party may meet the condition precedent to coverage. Olivieri v. Coronet Insurance Co., 173 Ill.App.3d 867, 871 (1987). Notice provided by the injured party is as good as notice supplied by the insured for the purpose of fulfilling the insured's obligation, and is measured by the same standards as if it had been conveyed by the insured. Id.

One must provide reasonable notice to an insurer. Livorsi, 222 Ill.2d 311-12. Factors which may be considered in determining whether notice is reasonable include: (1) the specific language of the policy's notice provision; (2) the insured's sophistication in commerce and insurance matters; (3) the insured's awareness of an event that may trigger coverage; (4) the insured's diligence in ascertaining whether coverage is available; (5) prejudice to the insurer; (6) when notice was given. Burton, 2012 IL App (4th) 110289, ¶16.

First, the specific language of the Artisan policy states that one seeking coverage must promptly report each accident or loss. (Doc. 84-12, page 7.) Prompt notice means notice given within a reasonable time. Burton, 2012 IL App (4th) 110289, ¶16. The reasonableness of notice four years after an accident and a year and a half after judgment is discussed below.

Second, as to the factor of sophistication in commerce and insurance matters, Jackson and Franz Enns were licensed as commercial operators, and were driving for regulated motor carriers of cargo. Expedite and Wildwood—the motor carriers—were

5

operating pursuant to their USDOT authority. Augusta--the owner of a tractor used in intrastate and interstate commerce--was registered with the Illinois Secretary of State to operate as corporation. Neron was registered as a motor carrier with the FMCSA and ICC, and was authorized to conduct business as a corporation by the Illinois Secretary of State. Manitoba and New York Marine were corporations involved in the business of selling commercial auto liability insurance for truckers.

Third, an accident between two tractor-trailer units on an interstate highway is certainly an event which would trigger one's awareness that the loss might be covered by commercial auto liability insurance policies obtained in compliance with federal and state regulations.

Fourth, according to the allegations of the Enns' pleadings, diligence was called for in ascertaining whether coverage was available pursuant to a policy held by Neron. The underlying complaints allege:  Neron was a motor carrier operating under USDOT number 2449755; Neron had a contractual duty to insure the tractor and trailer operated by Jackson and Augusta; Neron contractually assumed Jackson and/or Augusta's liability in tort; Neron and Augusta were members of a partnership and joint venture, and Neron is thereby obligated to pay for Augusta's liability.  (Doc. 84-1, pages 9-14; doc. 113-1, pages 11-16.)   In addition, Neron's insurance coverage could have easily been ascertained, since the Artisan policy issued to Neron as a federally licensed motor carrier was a matter of public record.  (Exhibit 13, page 3.)

The fifth factor is prejudice. Olivieri, 173 Ill.App.3d at 871.  Prejudice is not necessarily a determinative factor. Burton, 2010 IL App (4th) 110289, ¶16.  An insurer need not prove prejudice in order for notice to be deemed unreasonable. Id.  The

presence or absence of prejudice to the insurer is one factor to consider when determining whether a notice condition has been fulfilled; however, once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, one may not recover under the policy, regardless of whether the lack of notice prejudiced the insurer. Livorsi, 222 Ill.2d at 317.

In any event, prejudice is clearly present in this case. Late notice of the accident prevented Artisan from conducting an investigation of the occurrence. Late notice of the lawsuits prevented Artisan from defending the actions. When notice was received, the attorney for the Enns not only advised Artisan of the accident and lawsuits, but also demanded that Artisan pay $811,418.09: $710,200.00 for the judgments, plus $101,218.09 for post-judgment interest. (Exhibit 6, page 24.)

Artisan acknowledges that the judgments were not entered against Neron, the named insured, and that the Enns case against Neron is ongoing. Even so, the Enns allege that Neron is required by contract law to pay for the judgments entered against Jackson and Augusta. (Doc. 84-1, pages 9-14; doc. 113-1, pages 11-16.) According to the Enns, "pursuant to contract, Neron assumed all responsibility for all liability for loss or damages visited upon third parties due to ALI [Augusta] and/or John Jackson's actions or inactions." (Doc. 84-1, pages 11-13; doc. 113-1, pages 14-16.) Moreover, both the Enns and Manitoba contend in this case that Artisan is obligated to pay for the judgments entered against Jackson and Augusta regardless of the pending action against Neron.

Sixth, according to case law, the most obvious factor to be considered in determining whether notice is reasonable is time itself. Burton, 2012 IL Ap (4th) 110289, ¶16. In this case, notice was received more than four years after the accident, three years

after suit was filed, and one and a half years after the judgments were entered.   As demonstrated by case law, the notice is unreasonable as a matter of law, thereby justifying summary judgment for Artisan.   See, e.g., Auto-Owners Insurance Co. v. Xtreme Auto Sales, Inc., No. 08 C 6608, 2011 WL 529004 (N.D. Ill. Feb. 7, 2011)(summary judgment for insurer/notice not received until forty-seven months after occurrence and twenty-four months after suit was filed); Burton, 2012 IL Ap (4th) 110289 (summary judgment for insurer/notice twenty-six months after accident); Northern Insurance Company of New York v. City of Chicago, 325 Ill.App.3d 1086 (2001)(summary judgment for insurer/notice three years and three months after occurrence and two years and six months after suit filed); Vega v. Gore, 313 Ill.App.3d 632 (2000)(summary judgment for insurer/no duty to indemnify default judgment entered before notice of suit was received); Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc., 313 Ill.App.3d 457 (2000)(summary judgment for insurer/delayed notice of suit for seventeen months); Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co., 70 Ill.App.3d 296 (1979)(summary judgment for insurer/notice seven months after accident).

In summary, prompt notice of accident and notice of suit--conditions precedent to coverage--were not received.  As a matter of law, Artisan is not contractually required to pay for judgments entered a year and a half before notice of the lawsuits was received, or to defend any residual action.

Wherefore, Artisan respectfully requests the Court to enter summary judgment in Artisan's favor as to Counts I and II of the amended complaint.

**Count III.  The tractor and trailer operated by Jackson are not insured autos under the Artisan policy.**

The undisputed facts as to Count III are as follows.  At the time of the accident, Jackson was operating a 2006 Freightliner tractor VIN 1FUJA6CK76LV45159 ("the tractor").  (Exhibit 1, page 9; exhibit 2, pages 14-15; exhibit 3, pages 28, 32.)  He was towing a 2012 Great Dane trailer VIN 1GRAA0629CT565754 ("the trailer").  (Exhibit 1, page 9; exhibit 2, page 16; exhibit 3, page 33.)  The tractor was owned by Augusta.  (Exhibit 2, pages 9-11, 55.)  The trailer was owned by Expressway Logistics Inc.  (Id.)  Expedite's name, USDOT number and logo were on the side of the tractor.  (Exhibit 1, pages 11-12, 72; exhibit 2, pages 19-20, 57.)

Jackson was driving the tractor and trailer pursuant to Expedite's motor carrier authority.  (Exhibit 1, page 13; exhibit 2, pages 36-37; exhibit 3, page 33.)  Expedite was licensed as a motor carrier by the FMCSA and the ICC.  (Exhibit 2, pages 19-20; exhibit 3, page 33.)  Jackson was paid by Expedite.  (Exhibit 1, page 13.)

Jackson had been driving the tractor on a regular basis for Expedite for three years.  (Exhibit 1, page 11-12.)  He had always operated the tractor pursuant to Expedite's motor carrier authority.  (Exhibit 1, pages 12-13.)  He had never operated the tractor on behalf of any other motor carrier.  (Exhibit 1, page 13.)  Jackson continued to drive for Expedite for five or six months after the accident.  (Exhibit 1, page 36.)

Jackson was operating the tractor and trailer to transport cargo for Kraft Foods.  (Exhibit 1, page 15.)  His trip began in Granite City, Illinois, and was to end in Anniston,

Alabama. (Id.) Expedite was the motor carrier pursuant to USDOT number 1836322.
(Exhibit 2, pages 19-20, 36.)[2]

Jackson was not driving for Neron at the time of the accident. (Exhibit 1, page
17.) He was not performing any task, service or errand for Neron. (Id.)

Artisan issued a policy to Neron as the named insured under policy number
02497773-0, with a policy period from December 4, 2013, to December 4, 2014. (Doc.
84-12, page 1.) The policy provides liability coverage for a vehicle which qualifies as an
"insured auto." (Doc. 84-12, page 12.) An "insured auto" is defined by policy to mean:
an auto specifically described on the declarations page; an additional auto or replacement
auto owned and acquired by the named insured during the policy period; a temporary
substitute auto used by the named insured for an insured auto listed on the policy that has
been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.
(Doc. 84-12, pages 8-9 and 11.)

The 2006 Freightliner VIN 1FUJA6CK76LV45159 and 2012 Great Dane VIN
1GRAA0629CT565754 are not specifically described on the Artisan declarations page.
(Doc 84-12, pages 2-3.)[3]   The tractor and trailer do not qualify as additional or
replacement autos, because they were not owned by Neron, the named insured. The

---

[2] Franz Enns was operating a tractor and trailer to transport property pursuant to motor
carrier authority held by Wildwood, USDOT number 4455666. (Exhibit 2, pages 17-19,
22-23.)

[3] The tractors and trailers listed on the Artisan declarations auto coverage schedule are: a
2006 Freightliner tractor VIN 1FUJA6CK56LV45158, a 2011 Volvo tractor VIN
4V4NC9EJ4BN295150, a 2011 Volvo tractor VIN 4V4NC9EJ4BN295151, a 2008 Great
Dane trailer VIN 1GRAA06278W701403, a 2009 Great Dane trailer VIN
1GRAA06229W702119, and a 2030 NON Owned Attached trailer (defined as a non-
owned trailer but only while attached to a listed power unit specifically described on the
declarations page). (Doc. 84-12, pages 2-3.)

tractor was owned by Augusta, and the trailer was owned by Expressway Logistics Inc.
The tractor and trailer do not qualify as temporary substitute autos, because they were not
being used by Neron.  The tractor and trailer were used by Expedite to transport cargo for
Kraft Foods.

Since the tractor and the trailer were not listed on the Artisan declarations page,
were not additional autos or replacement autos, and were not temporary substitute autos,
the tractor and trailer do not qualify as insured autos under the terms of the Artisan
policy.

There is no duty to defend or indemnify the underlying lawsuits, because Artisan
was not asked to insure the tractor and trailer driven by Jackson.  Illinois law does not
obligate an insurance company to cover a vehicle that the policyholder did not ask to be
covered, and Illinois law does not prohibit policy language that limits coverage to only
those vehicles specifically described in the policy.  Founders Insurance Co. v. American
Country Insurance Co., 366 Ill.App.3d 64 (2006); Mank v. West American Insurance
Co., 249 Ill.App.3d 827 (1993).  Further, as explained below, the policy issued by Artisan
on behalf of Neron is not required to provide surety or coverage for an unlisted
commercial vehicle operated pursuant to Expedite's FMCSA and ICC motor carrier
authority.

The Artisan policy includes an MCS-90 endorsement under Sections 29 and 30 of
the Motor Carrier Act of 1980.    (Doc. 84-12, pages 88-90.)  When applicable, form
MCS-90 guarantees payment of financial amounts set forth in federal regulations for an
accident involving a tractor-trailer operated by a for-hire motor carrier.  49 CFR §387.9;
Carolina Casualty Insurance Co. v. Yeates, 584 F.3d 868 (10th Cir. 2009); McComb v.

National Casualty Co., 994 F Supp.2d 918 (N.D. Ill. 2013).   When applicable, form MCS-90 provides surety for a final judgment against the insured whether or not the vehicle involved in the accident is specifically described in the policy. (Doc. 84-12, page 89.)   The Artisan policy also includes form F as proof of financial responsibility under the provisions of state motor carrier law. (Doc. 84-12, pages 91-92.)

There are limitations to the application of form MCS-90 and form F, several of which apply to this case.   First, an MCS-90 endorsement does not impose a duty to defend upon an insurer to defend a lawsuit on behalf of any defendant.   See Harco National Insurance Co. v. Bobac Trucking Inc., 107 F.3d 733, 735-36 (9th Cir. 1997)(form MCS-90 does not create a duty to defend claims which are not covered by the policy to which it is attached).   Similarly, no duty to defend is imposed by the attachment of form F to the policy.   Under Illinois law, an insurer's duty to defend is contractual. See Chicago & Eastern Railroad Co. v. Reserve Insurance Co., 99 Ill.App.3d 433 (1981)(no basis to disregard contract language and impose upon an insurer a duty to defend which the insurer did not undertake in its policy).   Form F contains no provision imposing a duty to defend. (Doc. 84-12, page 92.)

Second, form MCS-90, if applicable, covers only the person or entity listed as the named insured on the policy to which it is attached.   McComb, 994 F.Supp.2d at 923-24. Neron is the only named insured listed on the Artisan policy.   (Doc. 84-12, page 1.) Since Neron is the only named insured listed on the Artisan policy, form MCS-90 attached thereto, if applicable, does apply to provide surety for the judgments entered against Augusta and Jackson.   Likewise, form F, if applicable, applies only to the motor carrier listed on the policy.   The Artisan policy states that if Artisan makes a filing or

submits a certificate on the named insured's behalf with a regulatory or governmental agency, the term insured as used in such filing or certificate, and in any related endorsements, refers only to the person or organization named on such filing, certificate or endorsement. (Doc. 84-12, page 12.) Form F names only Neron, and, therefore, form F, if applicable, provides no coverage or surety for Augusta or Jackson.  (Doc. 84-12, pages 12, 91-92.)

Third, an MCS-90 endorsement applies only if the tractor and trailer involved in the accident are being operated under the named insured's motor carrier authority. Herrod v. Wilshire Insurance Co., 499 Fed.Appx. 753 (10th Cir. 2012); Del Real v. United States Fire Insurance Crum & Forester, 64 F.Supp.2d 958 (E.D. Cal. 1998). MCS-90 is not triggered simply because the named insured is a registered motor carrier; the named insured must be operating as the for-hire motor carrier at the time of the accident.  Herrod, 499 Fed.Appx at 759-760.  In this case, Expedite was the for-hire motor carrier at the time of the accident, not Neron.

Form F also does not apply to provide coverage, because the tractor and trailer were not being operated pursuant to Neron's motor authority. Form F ensures mandatory coverage for a vehicle when it is operated by or under the motor carrier authority of the named insured. (Doc. 84-12, pages 12, 92.)  Pursuant to Illinois law, when a vehicle is not listed on a motor carrier's policy, coverage is mandated, but only if the vehicle is operated by or under the authority of the carrier. 625 ILCS 5/18c-4903.  Since the tractor

and trailer involved in the accident were operated by and under Expedite's authority, Neron's form F is not triggered.[4]

Fourth, an MCS-90 endorsement applies only in the event there is no other insurance that provides coverage for the tractor and trailer involved in an accident. Yeates, 584 F.3d at 881-82.  When other insurance is available to satisfy financial responsibility requirements, form MCS-90 does not provide additional coverage.  Id.; Great West Casualty Co., v. General Casualty Company of Wisconsin, 734 F.Supp.2d 718, 735-36 (D. Minn. 2010)(endorsement not triggered since there was other coverage in place for $750,000 with another insurer); Zurich American Insurance v. Grand Avenue Transport, 2010 WL 682530, *8-9 (N.D. Cal.)(endorsement not applicable when the mandated coverage of $750,000 for the transportation of property is met by another policy).  As noted above, Expedite was the carrier, not Neron.  If coverage were required by federal regulation or state statute for Expedite's operation of the unlisted tractor-trailer, Expedite's policy with New York Marine would be triggered to provide such coverage; the Artisan policy would not apply in addition to or in excess thereof.

In summary, Artisan owes no duty to defend or indemnify the underlying lawsuits, because the tractor and trailer are not insured autos under the terms of the

---

[4] If Neron's form MCS-90 or form F were applicable, which is denied, the limit of liability would not be $1,000,000 as listed on the Artisan declarations page, but rather $750,000.  The policy states that if Artisan is required to pay a judgment pursuant to a filing, Artisan is obligated to pay no more than the minimum amount required by the agency or applicable law.  (Doc. 84-12, pages 18-19, 89-90.)  See Kolencik v. Progressive Preferred Insurance Co., 2006 WL 738715, *8 (N.D. Ga.); Guaranty National Insurance Co. v. Koch, 242 Ill.App.3d 692, 695 (1993).  Federal regulations require a motor carrier to maintain liability coverage for a tractor-trailer in the amount of $750,000.  49 CFR § 387.9.  Illinois regulations require a for-hire motor carrier to maintain the amount required by federal regulations.  92 Ill.Adm. Code §1425.30.

policy.  Further, coverage is not mandated pursuant the policy issued to Neron for the use of unlisted vehicles, because the tractor and trailer were not operated by or under the Neron's motor carrier authority.  Expedite was the carrier of the cargo.

Wherefore, Artisan respectfully requests the Court to enter summary judgment in Artisan's favor as to Count III of the amended complaint.

**Count VI.  The Artisan policy does not provide coverage for the contractual liability alleged in the underlying lawsuits.**

The undisputed facts as to Count VI are as follows.  The Enns lawsuit alleges that Expedite is liable for breach of contract for failure to have insurance in place to cover the tractor and trailer.  (Doc. 84-1, pages 7-8; doc. 113-1, pages 10-11.)  The Enns allege that Neron also had a contractual duty to insure the tractor and trailer, and breached its duty by failing to tender the defense of their lawsuit to its insurer.  (Doc. 84-1, pages 9-14; doc. 113-1, pages 13-16.)   In addition, the Enns allege that Neron entered into a contractual agreement with Augusta and Jackson, and pursuant to said contract, Neron assumed all responsibility for all liability due to Augusta and/or Jackson's actions or inactions.  (Id.)  Neither Expedite's alleged breach of contract, nor Neron's alleged breach of contract is covered by the Artisan policy.

The Artisan policy provides liability coverage for damages for bodily injury or property damage because of an accident arising out of the ownership, maintenance or use of an insured auto.  (Doc. 84-12, page 12.)  "Accident" is defined by the Artisan policy to mean a sudden, unexpected and unintended event.  (Doc. 84-12, page 8.)  "Bodily injury" is defined by the Artisan policy to mean bodily harm, sickness or disease.  (Doc. 84-12, page 8.)  "Property damage" is defined by the Artisan policy to mean physical damage to, or loss of, or loss of use of, tangible property.  (Doc. 84-12, page 11.)

The Enns' contract action against Expedite for failure to procure insurance does not seek damages caused by an accident arising out of the ownership, maintenance or use of an insured auto. The Enns do not allege that they sustained bodily injury or property damage as a result of Expedite's breach of contract. The cause of action alleges that economic damages were sustained by Jackson and Augusta due to Expedite's failure to have coverage in place for the judgments entered against them.

Likewise, the Enns' contract action against Neron for Neron's failure to tender the tort claims to its insurer are not covered by the Artisan policy. The action seeks damages for economic loss, not damages for bodily injury or property damage arising out of an accident. Neron is alleged to be liable for the judgments entered against Jackson and Augusta, because Neron was contractually obligated to ensure coverage for their use of the tractor and trailer. As claimants' theory goes, Neron failed to tender the claims to its insurer, thereby negating coverage for Jackson and Augusta. Artisan does not owe a duty to defend and indemnify Neron for economic damages due to Neron's failure to comply with the terms of the Artisan policy.

Damages for breach of contract do not constitute damages for bodily injury or property damage from an accident. See, e.g., Whitman Corp. v. Commercial Union Insurance Co., 335 Ill.App.3d 859, 869 (2002)(breach of purchase asset agreement did not constitute property damage caused by an occurrence and hence not covered by commercial general liability policy); see also, e.g., Travelers Insurance Cos. v. P.C. Quote, Inc., 211 Ill.App.3d 719, 725-26 (1991)(ordering goods and not paying for them is not an accident covered by a liability policy).

The Artisan policy states further that liability coverage, including Artisan's duty to defend, does not apply to any liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract. (Doc. 84-12, page 15.) An "insured contract" is defined by the Artisan policy as a contract or agreement pertaining to the named insured's business under which the named insured assumes the tort liability that is vicariously imposed on another for the named insured's negligence. (Doc. 84-12, pages 9-10.)

To begin with, Expedite is not a named insured listed on the Artisan policy, and, therefore, does not qualify for coverage for contractual liability. In addition, the Enns action does not allege liability pursuant to an insured contract. The Enns allege Expedite failed to procure insurance. The action does not allege that Expedite is contractually liable for tort liability vicariously imposed upon another for Expedite's negligence. Likewise, the allegations against Neron for breach of contract do not allege that Neron is contractually liable for tort liability vicariously imposed upon another for Neron's negligence.

For the reasons set forth below, the Artisan policy does not provide coverage for Expedite or Neron for claimants' causes of action based on breach of contract. Artisan respectfully requests the Court to enter summary judgment in Artisan's favor as to Count VI of the amended complaint.

**Conclusion.**

Wherefore, Artisan and Truckers Casualty Co., asks the Court to enter an order granting summary judgment in favor of Artisan and Truckers Casualty Co., and for the entry of a declaration:

(a)     there is no liability coverage or other coverage or surety afforded to Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuits brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident;

(b)     Artisan and Truckers Casualty Co., is not obligated to defend, indemnify, or provide surety for Neron Logistics LLC, Expedite US 48 Inc., Augusta Logistics, Inc., and John Jackson under Artisan policy number 02497773-0 for the lawsuits brought by Franz Enns and Sara Enns and the lawsuit brought by Manitoba Public Insurance or for any other claim or action based on the April 9, 2014 accident.

Respectfully submitted,

Magnani & Buck Ltd.

/S/ Thomas L. Buck

Thomas L. Buck
Magnani & Buck Ltd.
Attorneys for Artisan and Trucking Casualty Co.
321 South Plymouth Court, Suite 1700
Chicago, IL  60604
Telephone: (312) 294-4800     Facsimile: (312) 294-4815
Attorney I. D. No. 06185155
Email:  tlb@magnanilaw.com & law@magnanibuck.com

CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused the foregoing Artisan and Truckers Casualty Co.'s motion for summary judgment to be filed with the Clerk of the U.S. District Court for the Southern District of Illinois using the CM/ECF System which will send notification of such filing to the following on this 15th day of May 2020.

Attys for Deft Manitoba Public Insurance:
David C. Berwin
Evans & Dixon, LLC
211 North Broadway, Ste. 2500
St. Louis, MO 63102
314-552-4046
Fax: 314-884-4446
dberwin@evans-dixon.com
ageinosky@evans-dixon.com

Attys for Deft New York Marine and General Insurance Company:
John A. Husmann
Elise D. Allen
Bates Carey LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
(312)762-3100
jhusmann@batescarey.com
eallen@batescarey.com

Attys for Defts Franz Enns and Sara Enns:
Brian Wendler
Angie Marie Zinzilieta
Patricia J. Knecht
Wendler Law, PC
900 Hillsboro Ave., suite 10
Edwardsville, IL 62025
Wendlerlawpc@gmail.com
brianmwendler@gmail.com
angiemzinzilieta@gmail.com
patriciajknecht@yahoo.com

*/s/ Thomas L. Buck*
Thomas L. Buck