## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 18-CV-2220-SMY |
| NERON LOGISTICS LLC, EXPEDITE US 48 INC., AUGUSTA LOGISTICS, INC., JOHN JACKSON, FRANZ ENNS, SARA ENNS, MANITOBA PUBLIC INSURANCE, and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |
| AND | ) ) | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ) ) ) | |
| Cross-Plaintiff, | ) ) | |
| vs. | ) ) | |
| AUGUST LOGISTICS, FRANZ ENNS, SARA ENNS, JOHN JACKSON, MANITOBA PUBLIC INSURANCE, NERON LOGISTICS LLC, and EXPEDITE US 48 INC., | ) ) ) ) ) | |
| Cross-Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court are Plaintiff Artisan and Truckers Casualty Co.'s ("ATCC") Partial Motion for Summary Judgment (Doc. 133) and Defendant New York Marine and General Insurance Company's ("NYM") Motion for Summary Judgment (Doc. 136). For the following

reasons, ATCC's Motion is **GRANTED in part and DENIED in part** and NYM's Motion is **GRANTED**.

## Procedural History

ATCC filed this declaratory judgment diversity action seeking a declaration that it does not owe a defense or indemnification to Neron Logistics LLC ("Neron"), Expedite US 48 Inc. ("Expedite"), Augusta Logistics, Inc. ("Augusta"), and/or John Jackson in relation to lawsuits filed in Madison County, Illinois Circuit Court by Franz and Sara Enns (collectively "Enns") and Manitoba Public Insurance ("Manitoba") (Docs. 86, and 121). ATCC claims that Neron, Expedite, Augusta, and Jackson breached Commercial Auto Policy #02497773-0 ("ATCC policy") by failing to provide prompt notice of the underlying auto accident and lawsuits filed by the Enns and Manitoba (Counts I and II); that the tractor/trailer driven by Jackson is not a covered "auto" under the ATCC policy (Count III); that the ATCC policy, if it applies at all, provides excess insurance only (Count IV); and that coverage under the ATCC policy is limited to accidental bodily or property damage and does not include the claims asserted in state court for intentional torts (Count V), breach of contract (Count VI), or punitive or exemplary damages (Count VII). ATCC further maintains that NYM is obligated to defend and indemnify Jackson, Augusta, Expedite, and/or Neron for the claims assert in the state court actions (Counts VIII and IX). NYM filed an Amended Cross-Claim alleging that insurance issued to Expedite under policy number PK2014MCA00031 ("NYM Policy") does not cover the tractor-trailer involved in the accident and seeking a declaration that it owes no defense or indemnification to Neron, Expedite, Augusta, and/or Jackson (Doc. 121).[1]

---

[1] Neron, Augusta, Expedite and Jackson failed to file answers or otherwise respond to the Amended Complaint and/or the Amended Cross-claim. The Clerk of Court therefore entered default as to each of these Defendants (Docs. 117, 129, 138).

ATCC now seeks summary judgment on Counts I, II, III, and VI of the Amended Complaint. No party has responded to ATCC's motion.[2] NYM seeks summary judgment on the Amended Cross-Claim. Defendants Enns and Manitoba filed responses to NYM's motion (Docs. 145, 146) to which NYM replied (Doc. 147).[3]

## Factual Background

The following relevant facts are undisputed: Franz Enns and John Jackson were involved in a vehicular accident on I-270 in Madison County, Illinois on April 9, 2014. The tractor being driven by Jackson was owned by Augusta and licensed/operated by Expedite and the trailer hitched to the tractor was owned by Expressway Logistics Inc., which is not a party to this lawsuit.[4] Expedite is licensed by the Federal Motor Carrier Safety Administration and the Illinois Commerce Commission. At the time of the accident, Jackson was employed by Expedite which was insured by the NYM Policy. Expedite notified NYM of the accident on June 3, 2014 and NYM agreed to defend Expedite in the state court lawsuits that ensued.

The Enns filed suit in state court against Augusta and Jackson on May 19, 2015. Manitoba, which insured Enns' tractor-trailer, filed suit in state court against Augusta and Jackson on December 16, 2015 (Docs. 84-3 and 84-4). Default judgment in the amount of $710,200.00 was entered in the Enns' lawsuit against both Augusta and Jackson on July 28, 2016 (Doc. 84-10). Default judgment in the amount of $124,936.72 was entered in the Manitoba lawsuit against Augusta and Jackson on November 17, 2016 (Doc. 84-11). Expedite was added as a defendant in the Enns' state lawsuit on March 1, 2018 (Doc. 71-1).

---

[2] Local Rule 7.1(c) permits the Court to consider the lack of response an admission of the merits of the motion.
[3] NYM did not seek leave to file its Reply as required by the undersigned's Case Management Procedures. However, given the arguments made and the lack of objection, the Reply will be considered.
[4] A 2006 Freightliner tractor (VIN # 1FUJA6CK76LV45159) towing a 2012 Great Dane trailer (VIN # 1GRAA0629CT565754).

ATCC was first notified of the accident, the lawsuits, and Neron's potential involvement by the Enns' attorney on July 2, 2018 (Doc. 134-4). In subsequent correspondence, the Enns demanded payment of the default judgment amount plus interest (Doc. 134-6, p. 24). Neron was subsequently added as a defendant in the Enns' state lawsuit on August 16, 2018 (Doc. 71-1). On February 7, 2019, Expedite and Neron were voluntarily dismissed from the Enns' lawsuit (*Id.*); The Enns filed a new state court lawsuit against them on November 27, 2019 (Doc. 113-1). Neither Neron, Augusta, Expedite, nor Jackson notified ATCC of the claims asserted against them in the Enns' and Manitoba's 2018 and 2019 state lawsuits.

Neron was insured under the ATCC policy (Doc. 84-12) which provided in relevant part:

> Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto… We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. (*Id*. p. 12).

An "insured auto" under the policy is one listed on the declarations page or an additional auto that, among other requirements, is owned by the insured (*Id*. pp. 8-9).[5] An "insured" is defined as Neron or "any person while using, with [its] permission, and within the scope of that permission, an insured auto [it] own[s], hire[s], or borrow[s]" with certain exceptions not relevant here (*Id*. 12). In addition:

> For coverage to apply under this policy, you or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault (*Id*. p. 7).

> If any provision of this policy fails to conform to the statutes of the state listed on your application as your business location, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or

---

[5] The declarations page contains a list of 6 vehicles, a "2006 Frht Col," "2030 NON Owned Attached Trlr," "2011 Volv Vnl," another "2011 Volv Vnl," "2009 Great Dane Trailer," and a "2008 Great Dane Trailer" (*Id*. p. 2).

> the provisions of this policy shall be governed by the law of the state listed on your application as your business location. (*Id*. at 31).

Neron's business location is Wyoming (*Id*. p. 1, 4). None of the vehicles listed in the ATCC policy were involved in the accident. Neron did not own, rent, or lease any of the vehicles involved in the accident, and Jackson was not operating an insured auto with Neron's permission at the time of the accident.

> Expedite was insured under the NYM policy (Doc. 60-2) which provided in relevant part:
>
>> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." (*Id*. p. 27).

An "insured" is defined as Expedite or "anyone else while using with your permission a covered 'auto' you own, hire, or borrow" with various exceptions not relevant here and various additions that also are not relevant (*Id*. p. 28). Liability coverage was limited to those vehicles described in declaration pages (*Id*. pp. 10, 26), which from February 1, 2014 through the date of the accident included three tractors and 14 trailers but not the tractor or trailer driven by Jackson (*Id*. pp. 10, 22-25, 26). The tractor driven by Jackson was added to the declarations on October 1, 2014 – after the accident (*Id*. pp. 100-102). Expedite's placard and United States Department of Labor number were displayed on the side of the tractor-trailer driven by Jackson at the time of the accident.

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact or where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Pursuant to the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). A request to construe the language of a contract to apprise the parties of their legal rights falls within the scope of the Declaratory Judgment Act. *See Lyons Sav. & Loan Ass'n v. Geode Co.*, 641 F.Supp. 1313, 1319 (N.D.Ill.1986). A plaintiff uncertain of his contractual rights may seek declaratory relief before exercising those rights. *See Certified Grocers Midwest, Inc. v. New York Ins. Co.*, 702 F.Supp. 1384, 1388 (N.D.Ill.1992).

**Counts I and II**

In Counts I and II, ATCC alleges that Neron, Expedite, Augusta, and Jackson breached the ATCC policy by failing to provide prompt notice of the accident and by failing to notify it of the lawsuit filed by the Enns and Manitoba and, as a result, it is not obligated to defend or indemnify Neron on the claims asserted in state court. ATCC relies on Illinois law notwithstanding the choice of law clause in the ATCC policy favoring Wyoming law.

The laws in Illinois and Wyoming construe insurance policies similarly; policies are read as a whole, and courts give effect to the intent of the parties as expressed in the words of an unambiguous policy, which are given their plain and ordinary meaning. *County Mutual Ins. Co. v. Livorsi Marine, Inc.*, 856 N.E.2d 338, 343 (Ill. 2006); *Hurst v. Metropolitan Property and Casualty Insurance Company*, 401 P.3d 891, 895 (WY. 2017). Notice clauses, however, are treated differently. In Illinois, such clauses "impose valid prerequisites to insurance coverage"

and must be given within a reasonable time period. *West American Ins. Co. v. Yorkville Nat. Bank*, 939 N.E.2d 288, 293 (Ill. 2010). Reasonableness depends on a variety of factors including the language of the policy, sophistication of the parties, the insureds awareness of the event and diligence in determining whether there is insurance coverage, and prejudice. *Id.* at 293-4. Wyoming, by contrast, follows the "notice-prejudice rule" "which requires proof of prejudice for an insurer to avoid liability in the event that a policyholder provides them with untimely notice of an occurrence." *Century Surety Company v. Jim Hipner, LLC*, 377 P.3d 784, 788 (WY. 2016). Based on Seventh Circuit precedent, and in the absence of a resulting insult to public policy, this Court will honor the policy's choice of law clause and apply Wyoming law. *See Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020) (an agreement's choice of law clause is honored "unless to do so would be contrary to public policy.")

Based on the record before the Court, it is difficult to see what actual prejudice ATCC has or will suffer as a consequence of the late notice. Even a 27-month delay in providing notice of lawsuit can be reasonable where the insurance company "has sufficient information to locate and defend the suit." *West American Ins. Co.*, 939 N.E.2d at 294. ATCC asserts that it was unable to investigate the occurrence. But it identifies no question of fact with respect to the occurrence or liability and does not suggest what additional investigation is necessary. It also asserts that the Enns have demanded payment of the default judgment entered against Augusta and Jackson. However, there is no evidence that ATCC insures Jackson or Augusta or that it would be liable for the default judgment entered against them. Significantly, the lawsuit against Neron, the actual insured, was filed after the instant action and is ongoing; no judgment has been entered against Neron. As such, this Court cannot find as a matter of law that ATCC is entitled to judgment on Counts I and II.

### Count III and Cross-Claim

ATCC and NYM argue that tractor-trailer driven by Jackson is not a covered "auto" under either policy. With respect to the ATCC policy, it is undisputed that Jackson is not an insured and that neither the tractor nor trailer he was operating are insured autos. Thus, ATCC is not required to defend or indemnify Jackson under the terms of the ATCC policy.

As to the NYM Policy, it is also undisputed that the tractor-trailer driven by Jackson was not insured under the NYM policy at the time of the accident. However, the Enns and Manitoba argue that NYM is nevertheless required to pay any judgments against Neron, Expedite, Augusta, and Jackson because of the following MCS-90 endorsement that is contained in both the ATCC and NYM policies:

> The insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. (Doc. 84-12, p. 89).

"The MCS-90 Endorsement mandates that a motor carrier's insurer provide coverage for claims resulting from the negligent operation of a commercial vehicle even if the negligently driven vehicle is not specifically listed under a motor carrier's insurance policy." *Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1017 (7th Cir. 2020).

Here, The MCS-90 endorsement requires ATCC and NYM to pay a *final judgment* against an insured. *See Auto-Owners Ins. Co. v. Munroe*, 614 F.3d 322, 327 (7th Cir. 2010). All other requirements of the policies remain in full force and effect. *Id*. Thus, the endorsement creates no obligation to defend and indemnify and only applies to the payment of final judgments entered again Neron (as to the ATCC policy) and Expedite (as to the NYN policy). There is no evidence

of any final judgment against either Neron or Expedite that would trigger the MCS-90 endorsement.

The Enns and Manitoba further argue that Illinois' Commercial Transportation Law ("ICTL"), 625 Ill. Comp. Stat. §5/18c-1101, *et seq*., mandates coverage under the NYM policy.[6] That statute, however, only applies to intrastate commerce and at most, commerce between Illinois and limited areas in adjacent states (like the Chicago metro area). *See Canal Ins. v. A & R Transp. and Warehouse, LLC*, 827 N.E.2d 942, 948 (Ill. App. Ct. 2005) (the ICTL does not apply to interstate commerce between Illinois and Pennsylvania); *American Service Ins. Co. v. Jones*, 927 N.E.2d 840, 847 (Ill. App. Ct. 2010) (specific portions of the ICTL apply to interstate commerce in the greater Chicago area). It is undisputed that at the time of the accident, Jackson was engaged in interstate commerce between Illinois and Alabama. As such, the ICTL has no bearing on this case. ATCC is entitled to judgment on Count III and NYM is entitled to judgment on its cross-claim.

## Count VI

Finally, ATCC argues that it is entitled to judgment on its claim its policy does not provide coverage for the breach of contract claims asserted in the state court lawsuit. Specifically, in the state court case, the Enns allege that Expedite and Neron were contractually obligated to insure against the negligence of Augusta and Jackson at the time of the accident (Doc. 84-1, pp. 7-10). The Enns also assert "in concert liability," "partnership liability," and "joint venture liability" in relation to the alleged agreements between Neron, Expedite, Augusta, and/or Jackson (*Id*. pp. 10-14).

The ATCC policy provides liability coverage for "bodily injury" or "property damage" as

---

[6] There is no question that Illinois law applies to the NYM policy.

defined by the policy. The policy excludes from coverage "[a]ny liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract that was executed prior to the occurrence of any bodily injury or property damage" (*Id*. p. 15). The Enns' contractual claims are not covered by the ATCC policy and there is no evidence that Neron entered into an "insured contract" with Augusta, Expedite, and/or Jackson and. Accordingly, ATCC is entitled to a declaratory judgment on Count VI.

## Conclusion

For the above reasons, ATCC's Partial Motion for Partial Summary Judgment (Doc. 133) is **GRANTED in part and DENIED in part** and NYM's Motion for Summary Judgment (Doc. 136) is **GRANTED**. Judgment is **GRANTED** in favor of ATCC on Counts III and VI of the Amended Complaint (Doc. 84) and in favor of NYM on its Amended Cross-Claim (Doc. 121). ATCC's motion is **DENIED** in all other respects. Neither ATCC nor NYM are obligated, under the respective insurance policies issued to Neron and Expedite, respectively, to defend or indemnify Augusta, Expedite, Jackson, and/or Neron in the state court lawsuit(s) filed by the Enns and Manitoba regarding the April 9, 2014 accident.

In light of this conclusion, ATCC's additional claims in Counts IV, V, VII, VIII, and IX are **DISMISSED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: February 12, 2021

**STACI M. YANDLE**
**United States District Judge**